LAND, J.
 

 On August 2, 1923, W. H. Cook, plaintiff, entered into a building contract with E. C. Evans for the construction, according to certain plans and specifications, of a brick residence on plaintiff’s lot in the town of Ruston; the contractor agreeing to perform the work for the price of $7,250, and to furnish, at his own cost, all necessary labor and material, and bond as required by law.
 

 The work was to be begun on or before August 20, 1923, and to be completed within 90 days from that date. 1
 

 Evans executed bond on August 9, 1923, in the sum of $5,000, with the Union Indemnity Company as surety, to insure the faithful performance of the contract, and the payment of all claims for labor, material, etc. The contract and bond were recorded in the mortgage records of Lincoln parish, in which the town of Ruston is located, on August 13, 1923.
 

 The contractor commenced work on the house, but abandoned work before its completion.
 

 The Union Indemnity Company, surety on the bond, after notification by plaintiff of the abandonment of the work by the contractor, and after request by plaintiff to take over and complete same, refused to do so, after being furnished with an estimate of the probable cost of completion.
 

 Upon the refusal of the contractor and surety'to proceed with the work, the plaintiff, after notification to both, took over the work and completed it, as provided under the terms of the bond; said bond being given pursuant to the provisions of Act 139 of the year 1922.
 

 Plaintiff, the owner, alleges that at the time the contractor abandoned work on the contract the sum of $5,990.65 had been paid by him on the contract, and that in order to complete the work, after plaintiff was compelled to take over the same, it was necessary to spend the sum of $976.40, leaving a balance due on the contract of $282.95, which plaintiff has paid into the registry of the court, to be dealt with as the law provides.
 

 (1) Plaintiff does not claim judgment in any sum against the contractor or the surety on his bond, but has instituted the present concursus proceeding solely for the purpose of compelling payment by the surety or by the contractor of all just claims for labor and material going into the construction of plaintiff’s house, under the terms of the bond, and to obtain cancellation of the recorded accounts in so far as they operate as a lien and privilege on the property of plaintiff.
 

 While alleging compliance, with the provisions of Act 139 of 1922, and that he and his property are not subject, therefore, to any claim for unpaid labor and material, plaintiff admits in his petition that there are outstanding and unpaid claims for labor and material, amounting to $7,194.76, or an excess of $2,194.67 over the total amount of the bond furnished by the contractor.
 

 Plaintiff contends that under section 4 of Act 139 of 1922 he is entitled to have canceled and erased all inscriptions affecting his property, created by the recordation of the claims of workmen and furnishers of material, because the claimants did not file their answers in the concursus proceedings within 10 days after the filing of said proceedings.
 

 (2) The workmen and furnishers of ina
 
 *879
 
 terial seek to obtain judgment in tbe eoucursus proceedings against W. H. Cook, plaintiff and owner, and against the contractor and tbe Union Indemnity Company, as surety on tbe bond.
 

 The5r set up in tbeir answers against plaintiff tbe following grounds for recovery:
 

 (a) Fraud and collusion between tbe plaintiff, Cook, and tbe contractor, E. C. Evans.
 

 (b) That tbe bond was insufficient, in that tbe contract price, plus tbe amount of tbe bond, was consumed in tbe erection of tbe building, resulting in an insufficient amount to pay claimants herein.
 

 (c) That work was done and material used under the direction of tbe plaintiff in tbe construction of improvements beyond and not covered by tbe contract.
 

 (d) That material changes, increasing tbe cost of building to tbe amount of at least 10 per cent, or more, were made at tbe suggestion and under tbe direction of tbe plaintiff after the contractor bad in truth and in fact defaulted.
 

 (e) That the plaintiff anticipated payments in violation of his contract.
 

 (f) That tbe plaintiff took over the work and was in actual charge and direction thereof from tbe time tbe foundation was laid until completion, but failed and neglected to give claimants herein any notice whatever of tbe default on the part of tbe contractor, direct or indirect, or by recording notice thereof in tbe records of Lincoln parish.
 

 Tbe Union Indemnity Company has also made defenses similar to those urged by tbe claimants for labor and material, as reasons for its release as surety from liability on tbe bond.
 

 The trial judge, however, excluded all testimony as to tbe. claims against tbe owner made by tbe workmen and furnishers of material, and as to tbe defense urged by tbe surety company against plaintiff, reserving their right to present said claims and to make such defenses in appropriate proceedings.
 

 Tbe position taken by tbe trial judge is that tbe issues of tbe case were confined to the question of tbe distribution of tbe amount of tbe bond and the balance'of tbe contract price among tbe claimants establishing tbe justice of their claims, and that no other issues were admissible in the concursus proceeding. '
 

 Judgment was rendered:
 

 (a) -In favor of tbe claimants as furnishers of labor and materials against tbe Union Indemnity Company in tbe sum of $5,000, less tbe amount necessary to pay costs.
 

 (b) In favor of tbe claimants against tbe contractor, E. C.. Evans, in the full amount of tbeir claims.
 

 (c) Recognizing tbe amount deposited by plaintiff, W. H. Cook, in tbe registry of tbe court, to wit, $282.95, as being tbe correct amount due by him on the contract price and making that amount subject to tbe judgment of tbe claimants.
 

 (d) Canceling and erasing tbe liens and privileges resulting from the recordation of tbe contract and bond and claims only so far as tbe judgment in favor of the claimants is satisfied out of tbe $5,000 and the $282.95 deposited in tbe registry of tbe court.
 

 (e) Reserving the right to claimants to enforce their liens for tbe balance due them by Cook, and reserving to him tbe right
 
 to-
 
 take such proceedings as appear necessary to have said liens canceled.
 

 (f) In favor of tbe Union Indemnity Company and against the Ruston Hardware & Furniture Company, Limited, its indemnitor, in tbe sum of $5,000.
 

 In our opinion tbe trial judge should have admitted testimony as to tbe claims made against the owner by tbe workmen and furnishers of material, and as to tbe defenses presented by tbe Union Indemnity Company against tbe plaintiff, who completed tbe
 
 *881
 
 uilding after the default by tbe contractor.
 

 Plaintiff raised in the petition for a concursus the direct issue as to his right to have all liens recorded against his property canceled, and as to his compliance with the contract in the completion of the building. i
 

 Section 2 of Act 139 of 1922 provides that—
 

 “AVhen the owner files a concursus proceeding he must deposit in court whatever funds, if any, remain in his hands after paying the costs of completing the building if he was compelled to complete it by reason of the default of the contractor;
 
 but wny claimant shall have the right to show in that suit
 
 or other appro-, priate proceeding that the amount claimed to have been paid by the owner for such completion was not really paid
 
 or that work toas done not covered by the original contract
 
 and pending the trial of such issue the liens and privileges herein given to subcontractors and others shall remain in full force and effect.”
 

 The claimants have alleged in this case, as a basis of liability on the part of the plaintiff, the owner completing the building, “that work was done not covered by the contract.”
 

 It is for the claimant, and not for the trial judge, to decide whether this issue shall be raised in the concursus proceeding, or later in some other proceeding. This right is clearly given to any claimant by the statute, and the option as- to its exercise rests with the claimant, and not with the court.
 

 It was error, therefore, on the part of the judge ad hoc to refuse tp hear the issue presented, and it was error also for him to order the cancellation of the liens at all, as it is provided in section 2 of Act 139 of 1922:
 

 “That pending the trial of such issue
 
 the liens * * * herein given to subcontractors and others
 
 shall remain in full force and effect.”
 

 This provision is intended as a protection to claimants for labor and material furnished, until the differences between them and the owner are adjusted and settled.
 

 It is also provided in section 5 of said act that—
 

 “In all cases where surety has been furnished, the surety shall be entitled to make only the same defenses that the contractor for whom he signed the bond is authorized to make
 
 except as to the owner who has made payments in anticipation.”
 

 That the plaintiff made advanced payments is alleged by the surety company in this case, and such defense may be properly made in the concursus proceeding, in which the owner seeks discharge from all liability, and the shifting of the burden of the claims for labor and material upon the shoulders of the contractor and surety.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that this case be remanded to the lower court and proceeded with in due course, and in accordance with the views herein expressed/